IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**RANDALL NEAL WYNN**,

    Plaintiff,

  v.

**SHERIFF THOMAS TURNER et al**,

    Defendants.

No. 6:13-cv-02296-MO

OPINION AND ORDER

**MOSMAN, J.**,

    *Pro se* Plaintiff Randall Wynn brings three claims against Captain Fox, Sheriff Turner, and Nurse Deierling, all of whom were officials at the Lane County Adult Corrections Facility at the time of his incarceration in 2012. His first claim alleges that Defendants were deliberately indifferent to his need to see a dentist in violation of the Eighth Amendment. In response, Defendants argue that placing him on the dentist's waiting list fails to rise to the level of a constitutional violation. Defendants moved for summary judgment [43], [48], and Mr. Wynn responded [64], [65]. Because Mr. Wynn has raised no genuine factual dispute as to whether Defendants acted wantonly, I GRANT summary judgment in favor of all three Defendants on Mr. Wynn's first claim.

1 – OPINION AND ORDER

Mr. Wynn's second claim alleges Defendants denied him access to the law library in violation of his rights under the First Amendment, due process and equal protection clauses of the Constitution. His third claim alleges certain Lane County Jail conditions violated his First, Fifth, and Eighth Amendment rights. Mr. Wynn failed to substantiate these claims with any evidence that raises a genuine issue of material fact. Accordingly, I GRANT summary judgment in favor of Defendants on Mr. Wynn's second and third claims.

## BACKGROUND

The bulk of Mr. Wynn's evidence pertains to his deliberate indifference claim. He states that he complained of tooth pain as early as June 2012, at which time the dental staff took an x-ray of the tooth and "told Mr. Wynn there was nothing wrong with it." Pl.'s Ex. A [22-1] at 2. Approximately four months later, Mr. Wynn began to experience pain in his head and jaw when the tooth cracked and part of the filling fell out. *Id.* He then asked to see the dentist no fewer than four times by sending inmate request forms to Medical Services.[1] Pl.'s Exs. B, C, D, and E [22-1]. Medical Services placed Mr. Wynn on a waiting list to see the dentist after it received either his first or second request. Pl.'s Ex. B. [22-1]. In the interim, they offered him ibuprofen to manage his pain. Pl.'s Ex. A [22-1] at 2. Medical Services reiterated this response to his subsequent requests. Pl.'s Exs. C, D, and E [22-1]. Upon receipt of his request dated October 24, 2012, Medical Services stated:

> You are on the dental list & will be seen in the next two weeks *unless* there are a lot of abscess[es] that come in[.] I am sorry that you are in pain[.] [W]e are getting to you as fast as we can[.] I cannot give you anything other than Ibuprofen or Tylenol[.]

---

[1] Defendants Fox and Turner dispute whether Mr. Wynn also attempted to contact them personally. Pl.'s Opposition to Fox's and Turner's Motion for Summary Judgment [64] at 3–4; Fox's and Turner's Reply [68] at 3. See note 2, *infra*.

2 – OPINION AND ORDER

Pl.'s Ex. E [22-1], (emphasis in original).  Shortly thereafter, the court granted Mr. Wynn's motion for transportation to a private dentist.  Pl.'s Response to Motion for Summary Judgment [64] at 6.  Mr. Wynn's dentist then performed a root canal and placed a crown on the cracked tooth.  *Id.*

## STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether a genuine issue of material fact exists, the court must view all facts and reasonable inferences in the light most favorable to the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  When "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation omitted).

## DISCUSSION

### I.  Deliberate Indifference

"Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs."  *Peralta v. Dillard,* 744 F.3d 1076, 1081 (9th Cir. 2014), citing *Estelle v. Gamble,* 429 U.S. 97, 104–05 (1976).  To prove deliberate indifference, the plaintiff must show the prison official acted "wantonly."  *Id.*; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991) ("only the unnecessary *and wanton* infliction of pain implicates the Eighth Amendment) (emphasis in original) (internal quotations omitted).  This is a difficult showing to make, in part because "wanton" has no fixed meaning in this context.  *Simmons v. Navajo County,* 609 F.3d 1011, 1019 (9th Cir. 2010); *Farmer v. Brennan,* 511 U.S. 825, 837, 839 (1994) (adopting

subjective recklessness as the test for deliberate indifference under the Eighth Amendment in lieu of an objective test).

Generally speaking, wanton behavior "unreasonably or maliciously risk[s] harm while being utterly indifferent to the consequences." BLACK'S LAW DICTIONARY 1815 (10th ed. 2014). As is critical here, the Ninth Circuit explained that "whether an official's conduct can be characterized as 'wanton' depends upon the constraints facing him." *Peralta,* 744 F.3d at 1082 (internal citations omitted).

Mr. Wynn cannot show that Defendants' conduct[2] was wanton in light of the constraints facing them. In this case, as in *Peralta*, it appears "there simply weren't enough dentists…to provide every prisoner with dental care on demand." Pl.'s Ex. E [22-1]; *Peralta,* 744 F.3d at 1082. Defendants placed Mr. Wynn on the waiting list after they received his initial complaints. Pl.'s Ex. B [22-1]. Acknowledging that he was in pain, they provided him with ibuprofen while he was forced to wait to see the dentist. Pl.'s Ex. E [22-1]. These are not the actions of officials who are "utterly indifferent to the consequences" of suffering with a cracked tooth. Rather, they are the actions of officials forced to work within serious constraints on the dentist's availability. Viewed in the light most favorable to Mr. Wynn, the evidence creates no genuine dispute that given these constraints, Defendants' conduct was not wanton. As he cannot show Defendants were deliberately indifferent to his need to see the dentist, they are entitled to judgment as a matter of law.

---

[2] Defendants also argue Mr. Wynn has not shown they personally participated in his care. Turner's and Fox's Motion for Summary Judgment [43] at 6; Deierling's Brief in Support of Motion for Summary Judgment [49] at 7. Since I conclude Mr. Wynn cannot carry his burden on his underlying claim, I need not make any factual findings on this issue. All references to Defendants' actions herein bear this distinction.

### II. Access to the Law Library and Lane County Jail Conditions

Mr. Wynn's second claim alleges he was denied access to the law library, which caused him to lose the criminal case pending against him at the time. Amended Complaint [22] at 2. In support, Mr. Wynn produced three inmate request forms that document his requests for access. Pl.'s Exs. I, J and K [22-1]. Each contains a response that asks him to justify his request, the first and third of which refer him to the Lane County inmate manual. *Id.* Mr. Wynn failed to show he provided this justification or that the need to do so violated his constitutional rights. Therefore I GRANT summary judgment in favor of Defendants [43], [48] on the second claim.

Mr. Wynn's third claim alleges certain Lane County Jail conditions violate his constitutional rights. Amended Complaint [22] at 2. The alleged conditions include covered windows, prices and surcharges at the commissary and telephones, lack of access to medication, inadequate yard time, infrequent haircuts, confiscating inmate funds, and overcrowding. *Id.* However, he produced no evidence to support his allegations. Therefore I GRANT summary judgment in favor of Defendants [43], [48] on the third claim.

### CONCLUSION

In accordance with the foregoing, I find that Defendants Fox, Turner and Deierling are each entitled to judgment as a matter of law on all three of Mr. Wynn's claims. Their motions for summary judgment [43], [48] are GRANTED.

IT IS SO ORDERED.

DATED this __28th__ day of October, 2014.

/s/ Michael W. Mosman____

MICHAEL W. MOSMAN
United States District Judge

5 – OPINION AND ORDER